UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

CITGO PETROLEUM CORPORATION,

                Plaintiff,

              v.                    Case No.: 2:17-cv-1679

MTI CONNECT, LLC d/b/a BLACK CANYON
and MGAGE, LLC,

                Defendants.
_____

## NOTICE OF REMOVAL
_____

      COMES NOW Defendant mGage, LLC ("mGage"), by and through counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and hereby removes the action captioned *Citgo Petroleum Corporation v. MTI Connect, LLC d/b/a Black Canyon and mGage, LLC*, Circuit Court of Milwaukee County, Case No. 2017CV012128 (hereinafter, the "State Court Action"), to the United States District Court for the Eastern District of Wisconsin, showing the Court as follows:

### BACKGROUND

      1.     The State Court Action was filed in the Circuit Court of Milwaukee County, State of Wisconsin, on October 23, 2017. mGage was served with the summons and complaint in the State Court Action on October 30, 2017.

      2.     mGage is filing this Notice of Removal within the statutory 30 days after receipt by the defendant of service of the initial pleading setting forth the claim for relief

upon which the action is based, and removal of this action is therefore timely under 28 U.S.C. § 1446(b).

3. This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1331. This action may be removed to this Court by mGage pursuant to the provisions of 28 U.S.C. § 1441 because it arises under the laws of the United States as provided in 28 U.S.C. § 1331 and involves a federal question. Co-defendant MTI Connect, LLC's ("MTI Connect") consent has been requested but has not been received as of the time of filing this Notice of Removal. In the event MTI Connect consents to removal, mGage will file evidence of such consent as a separate filing via ECF; however, MTI Connect's consent is not required because the claims against mGage are separate and independent claims from those against MTI Connect and would be removable if sued upon alone.

4. Plaintiff's State Court Action is a civil lawsuit in which Plaintiff seeks a judgment against mGage to recover settlement payments Plaintiff made pursuant to the settlement of a class-action lawsuit against Plaintiff for violations of the federal Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. (Complaint, ¶ 5, attached hereto in Composite Exhibit 1.)

5. On November 23, 2016, Matthew Gottlieb ("Gottlieb") filed a class action lawsuit against CITGO Petroleum Corporation ("CITGO") in the United States District Court for the Southern District of Florida under the caption *Gottlieb v. CITGO Petroleum Corporation*, No. 9:16-cv-81911-RLR (S.D. Fla) (hereinafter, the "Gottlieb Complaint," which is attached hereto as Exhibit 2). (Complaint, ¶¶ 3, 25.)

6. Gottlieb's claim against CITGO alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA, which "prohibits using an 'automatic telephone dialing system' ('ATDS' or 'autodialer') to 'make any call . . . to any telephone number assigned to a . . . cellular telephone service' without the 'prior express consent of the called party.'" (Complaint, ¶¶ 3, 14-15, 25 (quoting § 227(b)(1)(A)(iii)); Gottlieb Complaint, ¶¶ 1-2, 39-43.)

7. In its defense, CITGO denied liability under the TCPA on the basis, among others, that the mGage software Defendant used to transmit text messages was not an autodialer as defined by the TCPA, and therefore, CITGO could not be held liable under the TCPA for the text messages received by Plaintiff and members of the class. (*See* Plaintiff's and Class Counsel's Motion for Final Approval, attached as Exhibit 3 at 17.) This is consistent with other courts concluding that mGage cannot be an autodialer as a matter of law under the TCPA. *See, e.g.*, *Jenkins v. mGage, LLC*, No. 1:14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 106769, at *20 (N.D. Ga. Aug. 12, 2016) (granting summary judgment and holding that the mGage software was not an autodialer as defined by the TCPA).

8. Despite its denials as to liability, in July 2017, CITGO agreed to settle Gottlieb's TCPA claims against it on a class-wide basis for $8,000,000 plus up to $300,000 in settlement administrative costs. (Complaint, ¶ 5.)

9. The agreement was subsequently documented in a written Settlement Agreement and Release ("Settlement Agreement") executed by Plaintiff and which has been preliminarily approved by the federal court, which is attached hereto as Exhibit 4. (Complaint, ¶ 28.)

10. The Settlement Agreement provided certain Recitals, which provide in pertinent part:

   1. During the period 2014 to 2016 CITGO sponsored a number of text-to-win sweepstakes contests that were promoted at concerts, theme parks, sporting events, and retail gas stations. CITGO utilized the services of two text-messaging vendors, MTI Connect LLC d/b/a Black Canyon ("Black Canyon") and mGage, LLC ("mGage"), to administer these text-to-win promotions.

   2. On July 31, 2015, Plaintiff Matthew Gottlieb entered two of the CITGO-sponsored sweepstakes contests while attending a concert in West Palm Beach, Florida.

   3. In late-2016, CITGO sponsored several new sweepstakes contests and it used the services of Black Canyon and mGage to text information about those contests to the mobile phone numbers of many of the people who had entered the prior sweepstakes contests, including Plaintiff.

   4. In total, Plaintiff received three text messages from CITGO in 2016: one in August, one in October, and one in November. Some combination of these three text messages were sent to approximately 93,000 mobile phone numbers belonging to people who, like Plaintiff, had previously entered other CITGO-sponsored sweepstakes contests.

   5. On November 23, 2016, Plaintiff initiated this litigation against CITGO in the United States District Court for the Southern District of Florida alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeking, *inter alia,* monetary damages.

       . . .

   9. The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims, as defined below. The Parties intend this Agreement to bind Plaintiff, CITGO, and all members of the Settlement Class who do not timely request to be excluded from the Settlement.

(Settlement Agreement at 1-2, 5.)

11. In exchange for CITGO funding an $8,000,000 Settlement Fund, among other things, CITGO received a release from "any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies . . . that

4

were or could have been claimed, raised, or alleged in this Action to the extent they arise from or relate to text messages sent by or on behalf of CITGO." (Complaint, ¶ 5; Settlement Agreement at 26, ¶ 71.)

## CITGO'S CLAIMS AGAINST MGAGE

12. CITGO's claims against mGage are based on mGage's alleged violations of the TCPA, as CITGO alleges in the Complaint "to the extent that CITGO could have been found liable to Gottlieb and his purported classes, [CITGO's] liability was vicarious as a result of mGage's violations of the TCPA." (Complaint, ¶ 49.)

13. CITGO asserts that "mGage is obligated to compensate CITGO . . . for the amount of CITGO's settlement in the *Gottlieb* matter and the amount of CITGO's fees and costs incurred in litigating the *Gottlieb* matter, including settlement administrative costs." (Complaint, ¶ 53.)

14. CITGO's Prayer for Relief requests that mGage be held responsible for CITGO's settlement payments made to Gottlieb and the *Gottlieb* settlement class, *to wit*:

> B. The Court enter judgment in favor of CITGO and against mGage, LLC in the amount of (1) CITGO's reasonable settlement payments to Matthew Gottlieb and the *Gottlieb* settlement class; (2) CITGO's attorneys' fees in litigating the *Gottlieb* action; (3) CITGO's costs incurred in litigating the *Gottlieb* action, including settlement administration costs; and (4) other damages suffered by CITGO in connection with mGage, LLC's conduct;

(Complaint at 21, Prayer for Relief, ¶ B.)

15. Although Plaintiff artfully styles its claims against mGage as agency (Count V), negligence (Count VI), negligent misrepresentation (Count IX), and strict responsibility misrepresentation (Count X), the gravamen of each of Plaintiff's claims is that mGage's violations of the TCPA entitle CITGO to contribution from mGage for the *Gottlieb* settlement. (*See* Complaint, ¶¶ 49, 53, Prayer for Relief.) Thus, removal pursuant

5

to this Court's federal question jurisdiction is appropriate. *See Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992) ("[A] federal court may, in some situations, look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law. In these cases, we will conclude that a plaintiff's claim actually arose under federal law and is therefore removable."); *see also Envtl. Progress, Inc. v. Metro. Life Ins. Co.*, No. 12-CV-80907, 2013 WL 12084488, at *2 & n.4 (S.D. Fla. Apr. 1, 2013) (explaining, in a TCPA case, that gravamen of negligence cross-claim against co-defendant seeking damages arising from any liability that may result from alleged violations of TCPA was functional equivalent of claim for contribution and therefore was governed by federal law warranting dismissal of claim).

16. Each of the Counts against mGage are based on a common nucleus of operative facts (*see, e.g.*, Complaint, ¶¶ 1-28) and the core allegation that mGage's violations of the TCPA are responsible for CITGO being sued in the *Gottlieb* case causing CITGO to expend significant time and money to defend the case and to enter into the Settlement Agreement to avoid the risk of a substantial adverse judgment. (Complaint, ¶ 27.) Thus, the resolution of CITGO's claims will necessarily entail a determination whether the TCPA was violated, necessitating federal jurisdiction.

17. Where contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law. *Donovan v. Robbins*, 752 F.2d 1170, 1179 (7th Cir. 1985) ("Where contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law."); *Mims v.*

6

*Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) (holding federal courts have federal question jurisdiction over TCPA suits).

## GROUNDS FOR REMOVAL

18. The State Court Action is being removed pursuant to 28 U.S.C. § 1441, *et seq.*, because this action could have originally been brought in this Court pursuant to 28 U.S.C. § 1331.

19. A true and correct copy of this Notice of Removal is being promptly served upon counsel for Plaintiff.

20. In accordance with 28 U.S.C. § 1446(a), attached hereto as <u>Composite Exhibit 1</u> are copies of all process, pleadings, and orders served upon mGage in the State Court Action.

21. In accordance with 28 U.S.C. § 1446(d), mGage is promptly providing written notice of its removal to all parties and a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of Circuit Court of Milwaukee County, Wisconsin.

## NO WAIVER OF DEFENSES AND OBJECTIONS

22. mGage, by virtue of filing this Notice of Removal, does not waive any defenses or objections available to it under the law. mGage reserves the right to supplement this Notice of Removal when additional information becomes available.

**WHEREFORE** mGage, LLC prays that the above-styled cause be removed from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin for the reasons cited herein.

Respectfully submitted,

Dated:  November 29, 2017	s/Amy L. MacArdy
Mark A. Cameli
mcameli@reinhartlaw.com
Ryan S. Stippich
rstippich@reinhartlaw.com
Amy L. MacArdy
amacardy@reinhartlaw.com

REINHART BOERNER VAN DEUREN S.C.
Suite 1700
1000 North Water Street
Milwaukee, WI 53202

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965
Telephone:  414-298-1000
Facsimile:  414-298-8097

and

Peter F. Schoenthaler
pfs@schoenthalerlaw.com

THE SCHOENTHALER LAW GROUP
Suite 1600E
3200 Windy Hill Road, SE
Atlanta, GA 30339
Telephone:  404-592-5397
Facsimile:  855-283-8983

*Attorneys for Defendant, mGage, LLC*

37399142